UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| Jacqueline Washington, : | |
| : | |
| Plaintiff, : | Civil Action No.: 8:15-cv-00333 |
| v. : | |
| : | |
| West Asset Management, Inc.; and DOES 1-10, inclusive, : | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| : | |
| Defendants. : | |
| : | |

For this Complaint, Plaintiff, Jacqueline Washington, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Jacqueline Washington ("Plaintiff"), is an adult individual residing in Natchez, Mississippi, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant West Asset Management, Inc. ("WAM"), is a Nebraska business entity with an address of 11808 Miracle Hills Drive, Omaha, Nebraska 68154, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by WAM and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. WAM at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to WAM for collection, or WAM was employed by the Creditor to collect the Debt.

10. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. WAM Engages in Harassment and Abusive Tactics

11. In June 2015, WAM began calling Plaintiff in an attempt to collect the Debt allegedly owed by Plaintiff's ex-husband (the "Debtor").

12. Plaintiff and the Debtor have been divorced since 1991.

13. The calls Plaintiff received from WAM were automated. On or about June 8, 2015, Plaintiff followed the automated prompts and pressed "1" to inform WAM that she was being reached in error.

14. Thereafter, Plaintiff continued to receive calls from WAM.

15.     On or about June 17, 2015, Plaintiff spoke with a live representative and advised WAM that the Debtor did not reside with her and could not be reached at her phone number.

16.     Nevertheless, WAM continued to harass Plaintiff with calls in an attempt to collect the Debt.

### C. Plaintiff Suffered Actual Damages

17.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

18.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

19.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

21.     Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

22.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

23.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

24. Plaintiff is entitled to damages as a result of Defendants' violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

2. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

4. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 9, 2015

    Respectfully submitted,

By: */s/ Sergei Lemberg*

Sergei Lemberg, Esq.
Lemberg Law, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorney for Plaintiff